IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:24-CV-00102-BO

| | |
|---|---|
| CASSANDRA COUNCIL, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) **STIPULATED** |
| | ) **PROTECTIVE ORDER** |
| ICONIC MARINE GROUP, LLC, et al., | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

Plaintiff Cassandra Council and Defendants Iconic Marine Group, LLC and Sonny Howard (together with Plaintiff, the "Parties" and each a "Party") agree that it may be necessary during discovery to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The Parties have agreed to the terms of this Protective Order and jointly request its entry. Accordingly, it is ORDERED:

1. **Definitions.** As used in this Protective Order:

    (a) "**Attorney**" means an attorney who has appeared in this action or is an employee of any named firm and actively assisting an attorney of record in the matter;

    (b) "**Attorneys Eyes Only**" is defined as Confidential documents that contain highly sensitive trade secrets or other highly sensitive confidential information, such as personal, confidential or sensitive information related to the parties or non-parties to this litigation. "Attorneys' Eyes Only" documents may be marked "**AEO**";

(c) **"Confidential Information"** means the following categories of information or documents:

(1) confidential, sensitive and personal employment, personnel, human resources, financial, educational, business and/or tax records pertaining to the Parties and to other third parties not involved in this litigation;

(2) sensitive and proprietary business records pertaining to the operation of Iconic Marine's business;

(3) confidential personnel and/or human resources files of any of Iconic Marine's current or former employees or agents, including but not limited to, any internal investigative materials;

(4) salary and/or benefits information relating to any of Iconic Marine's current or former employees or agents;

(5) medical information, including but not limited to diagnoses, treatments, and prescriptions, of Parties and non-parties; and

(6) confidential and sensitive email, text message, social media, and telephone correspondence related to personnel matters, the Parties, and to other third parties not involved in this litigation;

(d) **"Confidential Document"** means a Document designated as CONFIDENTIAL in accordance with paragraph 2 of this Order or as Attorneys' Eyes Only;

(e) **"Destroy"** means to shred or delete information received. To **"Destroy"** electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert. Nothing about

the term **Destroy** shall prevent a lawyer from complying with professional and ethical rules requiring preservation of a client's file.

    (f)    "**Document**" means information disclosed or produced in discovery, including at a deposition;

    (g)    "**Notice,**" "**Notifying,**" or "**Notify**" means written notice, including email;

    (h)    "**Party**" or "**Parties,**" means a party or parties to this action; and

    (i)    "**Protected Document**" means a Document protected by the attorney-client privilege or the work-product doctrine.

2. **Designating a Document or Deposition as Confidential.**

    (a)    A Party or non-party may designate a Document as Confidential by conspicuously marking each page with the word "**CONFIDENTIAL**".

    (b)    In making a confidentiality designation, the designating party represents that it has a good-faith basis for contending that the Document contains or is "Confidential Information", as defined by this Order.

    (c)    A Party or non-party designating any Document or portion of any Document as CONFIDENTIAL must carefully review the Document in advance of designating as CONFIDENTIAL.

    (d)    A Party or non-party disclosing or producing a Document may designate it as CONFIDENTIAL if the Party or non-party reasonably contends that it contains Confidential Information.

    (e)    A Party or non-party may designate a Document as Attorneys' Eyes Only by conspicuously marking each page with the word "AEO" or "Attorneys' Eyes Only."

(f) Deposition testimony may be designated as CONFIDENTIAL after the deposition, by Notifying the Parties and those who were present at the deposition within twenty-one (21) days after the deposition transcript becomes available, unless otherwise agreed.

3. **Who May Receive a Confidential Document.**

(a) All Documents, transcripts, or other materials designation as CONFIDENTIAL in accordance with this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration, or otherwise, that refers, reflects, or otherwise discusses any information designated "CONFIDENTIAL" hereunder), shall not be used, directly or indirectly, by any person or Party for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

(b) All persons receiving any or all Confidential Documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom documents or information designated as CONFIDENTIAL are disclosed are hereby enjoined from disclosing the same to any person except as provided herein and are further enjoined from using the same except in the preparation for and trial of the above-captioned action between the named Parties thereto. No person receiving or reviewing such Confidential Information, Confidential Documents, or transcripts shall disseminate or disclose them to any person other than those described in paragraph 3(c) and for the purposes specified, and in no event shall such person

make any other use of such Confidential Document, Confidential Information or Confidential transcript.

(c) Except with the prior written consent of the individual or entity designating a Document or portions of a Document as CONFIDENTIAL, or pursuant to prior Order, after Notice, any Document, transcript or pleading treated as being or containing Confidential Information under this Order, and any information contained in or derived from such materials (including, but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "CONFIDENTIAL" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than to:

(1) Parties to this litigation (except that Documents or information designated as Attorneys' Eyes Only in accordance with this Order shall be treated as such);

(2) Counsel for the Parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation;

(3) The Court and Court personnel, including any special master appointed by the court;

(4) Members of the jury, including alternate jurors;

(5) A court reporter or videographer retained in connection with this action;

(6) Any mediator appointed by the court or jointly selected by the Parties;

(7) A person shown on the face of the Confidential Document to have authored or received it;

(8) Experts retained in connection with this action who have signed the attached "Acknowledgement of Understanding" (Exhibit A);

(9) Witnesses at depositions to whom disclosure is reasonably necessary (except for AEO designated documents), provided that such witnesses shall not retain a copy of documents containing Confidential Information. However, witnesses may receive a copy of all exhibits marked at their depositions in connection with their review of the transcripts;

(10) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent that such Confidential Information or Confidential Document will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Exhibit A;

(11) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

(12) Professional jury, trial consultants, mock jurors, and professional vendors, who have signed the "Acknowledgement of Understanding" (Exhibit A); and

(13) Other persons only upon consent of the producing party and on such conditions as the Parties may agree.

(d) If a Confidential Document or Confidential Information is revealed to someone not entitled to receive it, the disclosing party must make reasonable efforts to retrieve it.

4. **Correcting an Error in Designation.**

A Party or non-party who discloses or produces a Confidential Document not designated as CONFIDENTIAL may, within seven (7) days after discovering the error, provide Notice to the other Party of the error and produce a copy of the Document designated as "CONFIDENTIAL" and/or as "ATTORNEYS' EYES ONLY."

5. **Use of a Confidential Document in Court.**

    (a)    <u>Filing</u>. Before filing any information that has been designated "CONFIDENTIAL" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information.

Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

(b) Nothing in this Order shall prevent a Party from using at trial any information or materials designated "CONFIDENTIAL."

(c) This Order has been agreed to by the Parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, Document, or the like as "CONFIDENTIAL" and/or as "ATTORNEYS' EYES ONLY," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

6. **Changing a Confidential Document's Designation.**

(a) <u>Document disclosed or produced by a party</u>. A Confidential Document or Confidential Information disclosed or produced by a Party remains confidential unless the Parties agree to change its designation or the Court orders otherwise.

(b) <u>Document produced by a non-party</u>. A Confidential Document or Confidential Information produced by a non-party remains Confidential unless the non-party agrees to change its designation or the Court orders otherwise after providing an opportunity for the non-party to be heard.

(c) <u>Changing a designation by Court order</u>. If a Party challenges the confidentiality designation of a Document, the Parties shall meet and confer concerning that issue within ten (10) days from the date the challenge is made. If the Parties cannot agree after they meet and confer, the designating Party may file a motion seeking entry of

a protective order concerning the specific Document, seeking to have the Court designate it as Confidential. That motion shall be filed no later than twenty-one (21) days after the Parties meet and confer, as discussed earlier in this paragraph. All Parties shall continue to maintain the material in question as Confidential until the Court rules on the challenge.

    (d)    If the motion affects a Document produced by a non-party, then, with respect to the motion, that non-party is entitled to the same Notice and opportunity to be heard as a Party. The Party or non-party who designated a document as Confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

7. **Handling a Confidential Document after Termination of Litigation.**

    (a)    Within sixty (60) days after the termination of this action (including any appeals), each Party must return or Destroy all Confidential Documents, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials.

    (b)    Notwithstanding paragraph 7(a), each Attorney may retain a copy of any Confidential Document submitted to the Court and each Attorney may retain records as required by the professional rules of conduct for lawyers.

8. **Inadvertent Disclosure or Production to a Party of a Protected Document.**

    (a)    <u>Notice</u>.

        (1)    A Party or non-party who discovers that it has inadvertently disclosed or produced a Protected Document must promptly Notify the receiving Party and describe the basis of the claim of privilege or protection. If the Party or

non-party provides such Notice and description, the privilege or protection is not waived.

(2) A Party who discovers that it may have received an inadvertently disclosed or produced protected Document must promptly Notify the disclosing or producing Party or non-party.

(b) <u>Handling of Protected Document</u>. A Party who is Notified or discovers that it may have received a Protected Document, must comply with Fed. R. Civ. P. 26(b)(5)(B).

9. **Serving This Protective Order on a Non-Party.**

A Party serving a subpoena on a non-party must simultaneously serve a copy of this Protective Order.

10. **Applicability to Parties Later Joined.**

If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information or Confidential Documents until they execute and file their written agreement to be bound by the provisions of this Order.

11. **Protections Extended to Third-Party's Confidential Information.**

The Parties agree to extend the provisions of this Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

12. **Modification.**

This Order may be modified by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the Parties have been given notice and an opportunity to be heard on the proposed modification.

13. **Survival of Obligations.**

The obligations imposed by this Protective Order survive the termination of this action.

Furthermore, the Court reserves its inherent power to modify the terms of this agreement and permit the disclosure of information where the interest of justice so requires.

IT IS SO ORDERED

Dated: March 18, 2025

_____
HONORABLE JUDGE TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

## EXHIBIT A:
## ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

I have read, and agree to be bound by, the Protective Order in the case captioned *Cassandra Council v. Iconic Marine, et al.* (Case No. 4:24-CV-00102-BO), in the United States District Court for the Eastern District of North Carolina. I will hold in confidence and will not disclose to anyone not qualified under the stipulated Protective Order, any information, documents or other materials produced subject to this stipulated Protective Order. I will use such information, documents or other materials produced subject to this stipulated Protective Order only for purposes of this present action.

As soon as my work in connection with that action has ended, but not later than sixty (60) days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action. I declare under penalty of perjury that the foregoing is true and correct.

_____
Printed Name

_____
Present Employer

_____
Present Occupation /Job Description

Date: _____      Signature: _____